AO 91 (Rev. 5/85) Criminal Complaint        AUSA Aurora Fagan 

# United States District Court

SOUTHERN     DISTRICT OF     FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Max Thomas WELLMAN-HARRIS<br>and<br>Nestor Orlando LINERO | **MATERIAL WITNESS COMPLAINT**<br><br>CASE NUMBER: 13-8173-DLB |

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>March 18, 2013, up to and including the present</u> in <u>Palm Beach</u> county, in the <u>Southern</u> District of <u>Florida</u> defendant(s) (Track Statutory Language of Offense)

became material witnessess to a violation of Title 8, United States Code, Section 1324(a)(2)(B)(i) and 8 U.S.C. §1326(a) in the case of <u>United States v. Robert PINDER, et.al.,</u> Case No. 8163-JMH. It is impracticable to secure the presence of said witnessess by subpoena.

in violation of Title __18__ United States Code, Section(s) __3144(Material Witness)__.

I further state that I am a(n) <u>Special Agent, U.S. Department of Homeland Security, Immigration and Customs Enforcement</u> and that this complaint is based on the following facts:

    Please see attached Affidavit.

Continued on the attached sheet and made a part hereof: ☒ Yes    ☐ No

                                                                Signature of Complainant
                                                               Cynthia Samples, Special Agent
                                                               U.S. Department of Homeland Security
                                                               HSI

Sworn to before me and subscribed in my presence, upon my finding of probable cause.

March 28, 2013                                at      West Palm Beach, Florida
Date                                                                 City and State

DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                                         Signature of Judicial Officer

# AFFIDAVIT

I, Cynthia Samples, being duly sworn, herby depose and state the following:

1. I am a Special Agent (S/A) with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the office of the Assistant Special Agent in Charge, West Palm Beach, Florida, and have been so employed by HSI since 2009. I have successfully completed the Criminal Investigator Training Program and Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Among my responsibilities as a Special Agent, I am responsible for conducting investigations for alleged violations of the Immigration and Customs laws of the United States.

2. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officials and employees of HSI. I have not included in this Affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause to believe that Max Thomas WELLMAN-HARRIS and Nestor Orlando LINERO are material witnesses to violations of Title 8, United States Code, Section 1324 and 1326 as committed by ROBERT PINDER, RAYMOND PINDER, PEDRO ALBERTO CASTILLO DE LEON, WILLIAM ALFREDO ACOSTA-JIMENEZ, EFRAIN ANTONIO GUERRA-GUTIERREZ, and WILSON ALEXANDER CASTILLO-GUERRA, as charged in case number 13-8163-JMH, United States v. Robert Pinder, et. al.

3. On March 19, 2013 at 0215 the USCG received a distress call via VHF Channel 16 of a disabled vessel, a 19 foot Boston Whaler (altered HIN), in position 26 46N 079 23W, approximately 31 NM E of Palm Beach and 31 SW of West End, Bahamas. USCG Cutter (CGC) RICHARD ETHRIDGE responded and discovered the vessel and 12 persons onboard (08 Columbian, 02 Bahamian, 01 Chilean and 01 Mexican). The vessels captain (Bahamian) made a verbal claim of Bahamas registry for the vessel, stated that the vessels last port of call was Bimini, Bahamas, and that the vessel and passengers were en route to Freeport, Bahamas. However, Bahamian authorities advised the Coast Guard

that they did not have records of the boat's registration in the Bahamas, thereby making it a stateless vessel. The Coast Guard initiated a routine administrative stop of the vessel.

4. Once onboard the vessel, the Coast Guard boarding team encountered twelve (12) people on board the 19 foot vessel, which had a maximum capacity of 7 persons according to a U.S.C.G. placard onboard the vessel. There were only two life vests on board the vessel, which had begun to take on water. The Master of the vessel was Robert PINDER, a Bahamian Citizen, and the Crewmember of the vessel was Raymond PINDER. Also onboard were a total of ten (10) foreign nationals, which included WELLMAN-HARRIS and LINERO. All twelve occupants were transferred to the United States Coast Guard Richard Ethridge in order to collect biometrics to determine nationality and immigration status.

5. The biometrics results revealed that none of the twelve foreign nationals onboard had permission or prior authorization to enter the United States, and that one Mexican, one Bahamian, and four of the Colombians had previously been removed from the United States.

6. Raymond PINDER, who was born on December 01, 1975, is a citizen of the Bahamas and was previously removed from the Unites States on November 24, 2001. He did not have permission to come to or enter the United States legally.

7. Robert PINDER, who was born on November 7, 1973, is a citizen of the Bahamas. He did not have permission to come to or enter the United States legally.

8. William Alfredo ACOSTA JIMENEZ, who was born on September 13, 1967, is a citizen of Colombia and was previously removed from the United States on December 21, 2012. Biometric results indicate that ACOSTA JIMENEZ was previously convicted of a felony charge of Larceny in the Third Degree under the name "Julio Bustos" on June 3, 2003. He did not have permission to come to or enter the United States legally.

9. Pedro Alberto CASTILLO DE LEON, who was born on May 02, 1977, is a citizen of Mexico and was previously removed from the United States on June 14, 2012. Biometric results indicate that CASTILLO DE LEON was previously convicted of a felony of Willful Obstruction of Law Enforcement by Use of Threats or Violence under the name "Robert Hernandez" on January 7, 2005. He did not have permission to come to or enter the United States legally.

10. Efrain Antonio GUERRA GUTIERREZ, who was born on August 2, 1968, is a citizen of Colombia and was previously removed on October 23, 2003. Biometric results indicate that GUERRA GUTIERREZ was previously convicted of a felony of Theft under the name "Fredy Iguera Gonzalez" on July 14, 2000. He did not have permission to come to or enter the United States legally.

11. Wilson Alexander CASTILLO GUERRA, who was born on December 21, 1975, is a citizen of Colombia and was previously removed on May 21, 2010. Biometric results indicate that CASTILLO GUERRA was previously convicted of a felony of Theft under the name "Edwin Mursea" on February 6, 2002. He did not have permission to come to or enter the United States.

12. Jenny Patricia RUBIO-RODRIGUEZ, who was born on July 13, 1971 is a citizen of Colombia and was previously removed on June 14, 2012. Biometric results indicate that RUBIO-RODRIGUEZ was previously convicted of a felony of Illegal Re-entry After Deportation under the name "Luzmar Devia-Feria" on June 9, 2010. She did not have permission to come to or enter the United States.

13. On March 20, 2013 all twelve people onboard the boat was transferred ashore and interviewed by HSI. Robert PINDER was read his <u>Miranda</u> rights and signed a written rights waiver. He thereafter made a statement in which he admitted to attempting to smuggle the ten people on board into the United States for monetary gain or profit.

14. Raymond PINDER was read his Miranda rights and signed a written rights waiver. Raymond also admitted to attempting to smuggle the ten aliens on board into the United States for monetary gain or profit. Raymond stated that he previously lived in the United States but overstayed his Visa and was removed. He knew that he did not have permission to return to the United States. Raymond stated that he knew that the way the passengers were entering the United States was illegal and knows that you must have a Visa to enter the United States.

15. One of the aliens, Nestor Orlando LINERO, a citizen of Colombia, told HSI that the purpose of the trip was to enter the United States. He had paid a Bahamian male $6000 USD in the Bahamas, and was supposed to pay an additional $2000 USD to another man upon arriving in the United States. He identified the "heavy set one" (Robert PINDER)

3

as the smuggler, and indicated that the "skinny one" (Raymond PINDER) was also at the boat when they arrived to be brought to the United States.

16. Another alien on board the vessel, Max Thomas WELLMAN HARRIS, a citizen of Colombia, also told HSI that the purpose of the trip was to enter the United States. WELLMAN HARRIS stated, in substance, that he traveled from Mexico to Panama, then to Nassau, then to Freeport, Bahamas. In Freeport, he met a black male who he paid for transport to the United States. The man took him to a hotel where he met the other nine passengers. They remained together in a hotel for five days. Thereafter, On March 18, 2013, the group was brought to the boat where they met ROBERT and RAYMOND PINDER, who were the Captain and co-Captain of the boat. WELLMAN HARRIS stated that about three hours into the trip, he was able to see the faint glow of the lights known as the Florida coastline. Thereafter, the vessel Captain had gotten spooked, and turned back to the Bahamas. The sea was rough and the engine of the vessel eventually stopped working. Everyone became sick and scared. Several migrants vomited overboard. The Captain of the vessel began calling for help on the small radio and soon after, the U.S. Coast Guard ship showed up and rescued them.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
CYNTHIA SAMPLES, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn and subscribed before me this
28th day of March, 2013.

_____
DAVE LEE BRANNON
UNITED STATE MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. __13-8173-DLB__

UNITED STATES OF AMERICA

vs.

Max Thomas WELLMAN-HARRIS
and
Nestor Orlando LINERO,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.188591
500 S. Australian Ave., Ste. 400
West Palm Beach, Fl 33401
TEL (561) 820-8711
FAX (561) 802-1787